I concur with the majority's judgment insofar as it denies some of the relief sought by Tarus Hall. However, I respectfully dissent from the majority's decision to issue a writ of mandamus to "direct the trial court to set aside its order of October 18, 2001, and to schedule a bail hearing." 844 So.2d at 574.
I believe the majority's opinion in this case purports to extend to Tarus Hall a right to a bail hearing that is not given him in the Alabama Constitution. Article I, § 16, Ala. Const. of 1901, provides, in pertinent part, that "all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof isevident or the presumption great." (Emphasis added.) The constitutional provision makes no mention of a bail hearing, or the right to such a hearing. Thus, the text of the applicable constitutional provision does not support the majority opinion.
The majority opinion begins its analysis with the correct premise that "a person accused by indictment of a capital offense must overcome the presumption of his guilt by proof, in order to be entitled to bail." 844 So.2d at 573. The majority errs, however, in concluding that the trial court's denial of a bail hearing "denied [Hall] the opportunity to offer the proof necessary to overcome that presumption." 844 So.2d at 573. The majority errs in so concluding because, like all capital defendants seeking to be released on bail, Hall could have "overcome the presumption of his guilt" by proof in his motion to set bond. The trial court, however, did not consider a bail hearing to be necessary and, based on the district attorney's evidence and Hall's attempts to rebut that evidence in his motion, it denied Hall's request for bail.
The majority's new judicially mandated requirement that a bail hearing be conducted in all capital cases is both extraconstitutional and unnecessary.